IN THE UNITED STATES DISTRICTT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. **09-30039-JPG** |
| | ) | |
| **STEVEN SNODGRASS,** | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court on the Government's Motion to Revoke Bond.  **(Doc. 30)**.

The title of the motion is somewhat inaccurate, as the Government is not alleging that defendant has

violated the terms of his release; thus, the motion is *not* made pursuant to 18 U.S.C. §3148.  Rather,

the Government is seeking reconsideration of the order releasing defendant on bond based on

information that was unknown to the Government at the time that bond was granted.

A. Order for Detention

On December 10, 2009, the court held a hearing on the Government's motion.  The Court
applied the standards set forth in hearing under **18 U.S.C. § 3142(f)**.  Based on the proffers,
testimony under oath, the exhibit received in evidence, and the indictment, the Court
**GRANTS** Government's Motion to Revoke Bond **(Doc. 30)** and orders the above-named
defendant detained pursuant to **18 U.S.C. § 3142(e) and (i).**

The Government presented information about defendant which has only recently come to
light as a result of further investigation by U.S. Postal Service agents.  This information
includes the following:

1.      Defendant's voice is audible on a  2001 videotape of a very young girl in a
swimming suit.

2.      Defendant actually produced, possessed and brought into this district a video
on which the genital area of a 10 year old girl is prominent.

3.      Defendant's ex-wife stated that defendant had molested her 7 year old niece.

4.      Defendant's niece, now 39 (not the niece referred to in paragraph 3 above),
was recently interviewed and told Postal Inspectors that she had been

molested as a child by defendant, as have three of *her* four daughters.

In addition, the Government presented the following information which was previously known to it, but was not previously presented to the Court:

1.      Defendant's neighbor contacted the U.S.P.S. regarding defendant having taken photographs of a thirteen year old girl.  This neighbor has a restraining order against defendant.

2.      The Government presented a copy of an order form, signed by defendant, whereby defendant ordered 3 different DVDs depicting a ten year old female engaged in sexual activities.  See, Government Exhibit 1.

If the Court had possessed the above information when detention was originally addressed on May 6, 2009,  the Court would not have released defendant on bond.

B.  Statement of Reasons for the Detention
    The Court orders the defendant's detention because it finds:
    ✔      By a preponderance of the evidence that no condition or  combination of conditions will reasonably assure the  appearance of the defendant as required.
    ✔      By clear and convincing evidence that no condition or combinations of conditions will reasonably assure the safety of any other person and the community.

C.  Finding of Fact
    The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:
    ✔ (1) Nature and circumstances of the offense charged:
        ✔ (a)  The crime:

        **Count 1:**
        **Receipt of child pornography,  in violation of 18 U.S.C. §2252(a)(2);**

        **Penalties:**
        **5 to 20 years imprisonment, a $250,000.00 fine, or both, and 5 years to life supervised release**.

        **Count 2:**
        **Possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(B);**

        **Penalties:**
        **Not more than 10 years imprisonment, a $250,000.00 fine, or both, and 5 years to life  supervised release.**.

– 2 –

<u>**Count 3:**</u>
**Possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(B);**

**Penalties:**
**Not more than 10 years imprisonment, a $250,000.00 fine, or both, and 5 years to life  supervised release**.

**Count 4:**
**Forfeiture of computer equipment, pursuant to 18 U.S.C. §2253(a)(3).**

__ (b) The offense is a crime of violence.
___ (c) The offense is a Federal crime of terrorism.
✔ (d) The offense involves a minor victim.
___ (e) The offense involves a controlled substance, firearm, explosive,
    or destructive device;
___ (f) The offense involves a narcotic drug.
___ (g) The offense involves a large amount of controlled
    substances, to wit:

✔ (2) The weight of the evidence against the defendant is high.
✔ (3)  The history and characteristics of the defendant, including:
    (a) General Factors:
        ___ The defendant appears to have a mental condition which may
        affect whether the defendant will appear.
        __  The defendant has no family ties in the area.
        __ The defendant has no steady employment.
        __ The defendant has no substantial financial resources.
        ___ The defendant is not a long time resident of the community.
        ___ The defendant does not have any significant
            community ties.
        ✔ Past conduct of the defendant: <u>defendant produced a child pornography</u>
            <u>video, sexually abused at least 5 minor  victims, took photographs of</u>
            <u>a pre-pubescent child in a way that made her feel uncomfortable, and</u>
            <u>possessed a video entitled "When Girls Don't Tell," which purports</u>
            <u>to be an informational video about girls not disclosing sexual abuse.</u>
        ___ The defendant has a history relating to drug abuse.
        ___ The defendant has a history relating to alcohol abuse.
        __ The defendant has a significant prior  criminal record.
        ___ The defendant has a prior record of failure to appear at court
            proceedings.
    (b) Whether the defendant was on probation, parole, or release by a court:
        At the time of the current arrest, the defendant was on:
        ___ Probation
        ___ Parole

–  3  –

___ Release pending trial, sentence, appeal or completion of sentence.
   (c) Other Factors:

        __ The defendant is an illegal alien and is subject to
deportation.

        ___ The defendant is a legal alien and will be subject to
deportation if convicted.

        ✓ Other: the Government has indicated that it intends to charge defendant
          with production of child pornography, which will expose defendant
          to a life sentence.  This creates a risk that defendant will flee.

        ___Other: _____

 ✓   (4) The nature and seriousness of the danger by the defendant's release
         are as follows: the information set forth above regarding defendant's past
         conduct establishes that defendant poses a risk of serious danger to the
         community.

___ (5) Rebuttable Presumptions

     The Court finds the defendant is subject to and has not rebutted the rebuttable
presumption that no condition or combination of conditions will reasonably assure
the appearance of the defendant as required and the safety of any other person and
the community, as set forth in **18 U.S.C. § 3142(e)**. In determining that the defendant
is subject to the rebuttable presumption(s) set forth in **18 U.S.C. § 3142(e)**, the Court
finds:

       ___  (A)  Probable cause to believe that the defendant committed a
             controlled substance offense for which a maximum term of
             imprisonment of 10 years or more is prescribed under Titles 21
             or 46; or

       ___  (B)  Probable cause to believe that the defendant committed an
             offense under **18 U.S.C. § 924(c)**; or

       ___  (C)  The defendant is charged with:

             ____  (1)   A crime of violence; or

             ____  (2)   A crime for which the maximum penalty
                     is either death or life imprisonment; or

             ____  (3)   A drug offense for which the maximum
                     penalty is 10 years imprisonment or
              more; or

             ____  (4)   Any felony if the defendant has been
                     convicted of two or more offenses
                     described in subparagraphs (1) through
                     (3) above (or the state or local
                     equivalent), or any combination of such
                     offenses;

             and the defendant has a prior conviction for one of the crimes
             described in subparagraphs (1) through (3) above, and said

conviction, or the release from imprisonment therefor, is less than five years old and was committed while the defendant was on pre-trial release.

The Court, in finding that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community has considered and rejected alternatives. Among the alternatives considered, the Court has rejected house arrest and a daily reporting scheme. In rejecting these alternatives, the Court notes the gravity of the offense and the substantial penalties which may possibly be imposed

D.  Additional Directives

Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; and

The defendant be afforded reasonable opportunity for private consultation with his counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceedings.

**DATED: December 10, 2009.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**