IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>vs. )<br>) Case No. 3: 09-30039-JPG<br>STEVEN SNODGRASS )<br>)<br>Defendant/Petitioner. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant/Petitioner Steven Snodgrass ("Snodgrass") Motion for Prior Record of the Defendant (Doc. 144). Snodgrass requests an order requiring the Government to disclose documents or matters, requiring the Government affirm or deny the existence of discovery, and actual copies of his prior criminal record. (Doc. 144). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982).

On February 23, 2010, a jury found the petitioner guilty of one count of knowingly attempting to receive child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 1) and two counts of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Counts 2 and 3). The Court sentenced the petitioner to serve 360 months in prison – 240 months on Count 1 followed by 120 months on Counts 2 and 3. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on February 18, 2011, affirmed the Court's judgment. *United States v. Snodgrass*, 635 F.3d 324 (7th Cir. 2011). This Court granted a Section 2255 and entered an amended judgment imposing a total sentence of 360 months (240 months on Count 1 and 120 months on Count 2 to be served consecutively). (Doc. 133).

Rule 16 of the Federal Rules of Criminal Procedure requires the United States to disclose items material to the defense, items it intends to use in its case-in-chief, and items it obtained from the defendant. See Fed. R. Crim. P. 16. Rule 16 allows for certain pretrial discovery, but not post-trial discovery.

Additionally, while there are certain discovery obligations that can last after trial, such discovery obligations arise while the case is on direct appeal. *See United States v. Headman*, 594 F.3d at 1183; Smith v. Roberts, 115 F.3d 818, 819-820 (10th Cir. 1997) (applying *Brady* to an allegation that the prosecutor failed to disclose evidence received after trial but while the case was on direct appeal); *United States v. Harry*, No. CR 10-1915 JB, 2013 WL 684671, at *5 (D.N.M. Feb. 6, 2013) (Browning, J.). Snodgrass has exhausted his direct appeals.

Additionally, Snodgrass' request for discovery is not based in habeas, which contains its own set of rules regarding discovery. Snodgrass has already filed a Section 2255. Further, Snodgrass provides no basis for requesting copies of his prior record, no evidence of newly discovered evidence, or any other support to provide this Court a basis to grant his request. *U.S. ex rel. Free v. Peters*, 826 F. Supp. 1153, 1154–55 (N.D. Ill. 1993).

The Court hereby **DENIES** Snodgrass' Motion for Prior Record (Doc. 144).

**IT IS SO ORDERED.**
**Dated: October 28, 2022**

                                                 **/s/ J. Phil Gilbert**
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**