UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 09-cr-30039-JPG |
| STEVEN SNODGRASS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Steven Snodgrass' Motion to Dismiss for Prosecutorial Misconduct or Vindictive Prosecution (Doc. 146). On February 23, 2010, a jury found the petitioner guilty of one count of knowingly attempting to receive child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 1) and two counts of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Counts 2 and 3). The Court sentenced the petitioner to serve 360 months in prison – 240 months on Count 1 followed by 120 months on Counts 2 and 3. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on February 18, 2011, affirmed the Court's judgment. *United States v. Snodgrass*, 635 F.3d 324 (7th Cir. 2011). Snodgrass filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which this Court granted to the extent his motion requested vacating a sentence imposed for count 3. (Doc. 132). The Court immediately entered a judgment and imposed a total sentence of 360 months (240 months on Count 1 and 120 months on Count 2 to be served consecutively). (Doc. 133).

Now, Snodgrass moves to dismiss this indictment on the grounds of prosecutorial misconduct. In short, Defendant argues that the prosecutors selectively charged Snodgrass with several counts that carry life sentences without due process or liberty because of "lies." While

Snodgrass' motion is a bit unclear to follow and difficult to read, the Court believes Defendant argues that the government selectively prosecuted him by issuing a superseding indictment. Before his indictment was superseded, he was on home confinement, and when his indictment was superseded, he was arrested, and his bond was revoked. (Doc. 146 at 3-4).

This Court does not have the jurisdiction to evaluate Snodgrass' motion. Snodgrass' claims of selective prosecution could be brought in a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Conley v. United States*, 5 F.4th 781, 785 (7th Cir. 2021). This Court has no way to dismiss the indictment or superseding indictment in this case as a jury has already convicted him, and the Court has already entered judgment against Snodgrass.

The Court is hesitant to construe this as a § 2255 motion without a clear indication that the Snodgrass intends to once again invoke that statute. Further, the Snodgrass has already filed a previous § 2255 motion and the Seventh Circuit Court of Appeals must certify any successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Seventh Circuit has not certified any success petition for Snodgrass.

For these reasons, the Court has no jurisdiction to evaluate Defendant's claims and therefore DENIES Defendant's Motion to Dismiss for Prosecutorial Misconduct or Vindictive Prosecution (Doc. 146).

**IT IS SO ORDERED.**
**DATED: November 23, 2022**

                                            /s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**