UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>STEVEN SNODGRASS,<br><br>      Defendant. | Case No. 09-cr-30039-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Steven Snodgrass' motion (Doc. 148). Snodgrass' motion does not have a title but relates to similar allegations he made in a motion alleging prosecutorial misconduct or vindictive prosecution on November 14, 2022. (Doc. 146). The Court dismissed his motion on the basis it had no jurisdiction to consider it. (Doc. 147).

On February 23, 2010, a jury found the petitioner guilty of one count of knowingly attempting to receive child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 1) and two counts of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Counts 2 and 3). The Court sentenced the petitioner to serve 360 months in prison – 240 months on Count 1 followed by 120 months on Counts 2 and 3. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on February 18, 2011, affirmed the Court's judgment. *United States v. Snodgrass*, 635 F.3d 324 (7th Cir. 2011). Snodgrass filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which this Court granted to the extent his motion requested vacating a sentence imposed for count 3. (Doc. 132). The Court immediately entered a judgment and imposed a total sentence of 360 months (240 months on Count 1 and 120 months on Count 2 to be served consecutively). (Doc. 133).

Snodgrass motion is difficult to read but alleges that his motion is one for "perjury," "no convictions," "ambushed," and "prosecutorial misconduct." He indicates that there was manufactured evidence, and a violation of fair sentencing where the Court failed to comply, with no allegations of "definitive factual basis in the P.S.R." The Court is unclear Snodgrass is specifically alleging. He uses a variety of phrases and case cites that attempt to attack his PSR, the prosecutors, the investigation into his crimes, and other issues. However, it is clear that Snodgrass is attempting to attack about his underlying conviction for which he is imprisoned.

This Court does not have the jurisdiction to evaluate Snodgrass' motion. Snodgrass' claims putting into doubt his underlying conviction must be brought in a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *Conley v. United States*, 5 F.4th 781, 785 (7th Cir. 2021). This Court has no jurisdiction in this case as a jury has already convicted him, and the Court has already entered judgment against Snodgrass.

The Court is generally hesitant to construe motions as a § 2255 motion without a clear indication that the Snodgrass intends to once again invoke that statute. However, the Snodgrass has already filed a previous § 2255 motion and the Seventh Circuit Court of Appeals must certify any successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Seventh Circuit has not certified any successive petition for Snodgrass.

For these reasons, the Court has no jurisdiction to evaluate Snodgrass' claims and therefore **DISMISSES** Snodgrass' motion for lack of jurisdiction (Doc. 148).

**IT IS SO ORDERED.**
**DATED: March 31, 2023**

                                          /s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **UNITED STATES DISTRICT JUDGE**