UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent,<br><br> v.<br><br>STEVEN SNODGRASS,<br><br>  Defendant-Petitioner. | Case No. 09-cr-30039-JPG<br>12-cv-0050-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a motion for Legal Determination of Facts (Doc. 150) filed by the Defendant-Petitioner, Steven Snodgrass, on September 11, 2023. Snodgrass's request is the newest of several challenges he has made to his incarceration. The Court denied his previous motions for lack of jurisdiction. Snodgrass's current filing does not request a relief; rather it is a de facto interrogatory. Without a request for relief, the filing is improper and fails to present a case or controversy. Additionally, even if the Court overlooked its deficiencies, the Court would interpret his filing as a successive, uncertified §2255 petition. Under either reasoning, this Court lacks jurisdiction. Therefore, the Court **DISMISSES** the Defendant-Petitioner's request.

On February 23, 2010, a jury found Snodgrass guilty of one count of knowingly attempting to receive child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 1) and two counts of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Counts 2 and 3). The Court sentenced the petitioner to serve 360 months in prison – 240 months on Count 1 followed by 120 months on Counts 2 and 3. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on February 18, 2011, affirmed this Court's judgment. *United States v. Snodgrass*, 635 F.3d 324 (7th Cir. 2011). Snodgrass filed a motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which this Court granted to the extent his motion requested vacating a sentence imposed for count 3. (Doc. 132). The Court immediately entered a judgment and imposed a total sentence of 360 months (240 months on Count 1 and 120 months on Count 2 to be served consecutively). (Doc. 133). Notably, the total length of his incarceration remained the same. On September 11, 2023, Snodgrass requested this Court use its "reasonable inference" to answer a series of incomplete, difficult to understand question fragments. Nowhere in his filing does Snodgrass request either legal or equitable relief.

Under Article III, Section 2 of the United States Constitution, the power of the federal judiciary is limited to cases or controversies. Since the founding, the Supreme Court has maintained the position that the federal judiciary does not have the authority to provide answers to legal questions that are not the subject of a case or controversy; ex. advisory opinions. *See, e.g.* Letter from John Jay, U.S. C.J., to George Washington, U.S. President, on the Separation of Powers (Aug. 8, 1793) (on file with the Nat'l Archives). A proper motion "shall state its grounds with particularity and shall set forth the relief sought." SDIL-LR 7.1(a). Since the merger of law and equity, courts have only been empowered to grant legal or equitable relief. Any interrogatory disguised as a motion, submitted without any request for relief, is improper, both because it violates local rules and because answering an interrogatory is not a form of equitable or legal remedy. Such a "motion" fails to present a case or controversy and, therefore, is outside this Court's Article III power.

While the Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982), a defendant-petitioner moving to challenge the circumstances of their underlying conviction *must* make a motion to vacate their sentence pursuant

to 28 U.S.C. § 2255. *Conley v. United States*, 5 F.4th 781, 785 (7th Cir. 2021). The Court is generally hesitant to construe a *pro se* movant's request as a § 2255 motion without a clear indication that the movant intends to invoke that statute. However, if a defendant-petitioner has already invoked § 2255 in a previous motion, the Court of Appeals must certify any successive § 2255 motions pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Without certification by the Seventh Circuit, this Court lacks jurisdiction over any successive motions to vacate a prisoner's sentence, regardless of whether the *pro se* litigant explicitly or implicitly invoked § 2255.

Here, the Defendant-Petitioner does not state the grounds for his request with particularity nor does his motion request a relief. Rather, the title of his filing—Motion for Legal Determination of Facts—and the comprehensible portions of his request ask this Court to answer legal and factual questions. Snodgrass's filing is not a motion, but an interrogatory. Without a request for either legal or equitable relief, his filing fails to present a case or controversy and therefore, the Court lacks jurisdiction.

Furthermore, Snodgrass's interrogatory is a transparent attempt to use whatever answers the Court gives as ammunition in his repeated, erroneous attempts to challenge his incarceration. The Court notes that concern over this kind of improper use of the Court's legal authority is precisely what has motivated American courts to categorically refrain from answering legal and factual questions without a case or controversy.

Snodgrass is a *pro se* defendant-petitioner and, therefore, the Court is charged with liberally construing his pleadings to allow for the development of a potentially meritorious claim. However, the Court is not charged with inventing a request for relief where none has been put forward, nor is the Court required to embark on a fishing expedition for any litigant, *pro se* or not. Moreover,

the Court does not believe that Snodgrass's request, even if construed into a proper motion, would lead to the development of a potentially meritorious claim because Snodgrass's case has been extensively reviewed by the Appellate Court and he has exhausted his appeals. Snodgrass has not presented any new evidence in support of his filing, and even if he did present such evidence, this Court would still lack jurisdiction because any challenges to his underlying conviction must be brought pursuant to § 2255. Even if this Court were to set aside its initial hesitancy in interpreting *pro se* motions as being filed under § 2255 without a clear intent to invoke the statute—because Snodgrass has already raised a § 2255 motion, and the Seventh Circuit has not certified any successive § 2255 motions—this Court would still want for jurisdiction.

To summarize—because Snodgrass does not ask for legal or equitable relief—his filing is improper under local rules and fails to present a case or controversy. Even if the Court transfigured Snodgrass's filing into a proper motion—since Snodgrass's current filing is challenging his conviction and Snodgrass has raised § 2255 in a previous motion—this Court still lacks jurisdiction because his successive filing has not been certified by the Seventh Circuit.

This Court has twice informed Snodgrass that challenges to his incarceration *must* be brought under § 2255 (Doc. 147, 149). Additionally, this Court has twice informed Snodgrass that successive § 2255 petitions *must* be certified by the Seventh Circuit. *Id.* While Snodgrass may conjure creative titles for his filings, their substance demonstrates a consistent, yet erroneous attempt to circumvent the certification requirement for successive § 2255 motions. The Court has given Snodgrass the courtesy of a full, written explanation upon each denial, presuming his previous motions were filed in good faith ignorance of the law. Given this denial is the third time the Court has informed Snodgrass of these requirements, ignorance is no longer an excuse. Further

attempts to challenge his conviction without a certified § 2255 petition will not be given this same courtesy.

For the above reasons, the Court has no jurisdiction to evaluate Snodgrass's filing and therefore **DISMISSES** Snodgrass's request for lack of jurisdiction (Doc. 150). Snodgrass is **ADVISED** that this Court lacks jurisdiction over any motion that challenges his underlying conviction or sentence that has not been certified by the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**
**DATED: September 25, 2023**

                                                      s/ J. PHIL GILBERT
                                                     **J. PHIL GILBERT**
                                                     **UNITED STATES DISTRICT JUDGE**