UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

STEVEN SNODGRASS,

    Defendant.

Case No. 09-cr-30039-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Steven Snodgrass's Motion to Compel (Doc. 157). His motion asks the Court to compel the State of Illinois to "prove and produce any and all physical evidence that proves his state convictions 'claimed in the PSR.'" He believes this evidence will mount a subsequent challenge to his conviction and sentence. Essentially, he wants the Court to authorize him to conduct discovery to be used in a subsequent § 2255 motion to vacate his sentence. However, federal courts have held that "[a] prisoner is not entitled to file a motion for discovery – of transcripts, indictments, search warrants, or other records – before filing a § 2255 motion to vacate." *See United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020); *Brown v. United States*, 438 F.2d 1385, 1385 (5th Cir. 1971). Because Snodgrass seeks to compel documents that will be used in a future § 2255 motion, the Court cannot allow him to conduct discovery.

In addition, to the extent that Snodgrass seeks to compel documents for use in his four pending § 2255 motions (Docs. 152, 154, 158, 159), the Court declines to permit such discovery. "A § 2255 petitioner is not permitted discovery as a matter of course as in ordinary civil litigation." *United States v. Bontkowski*, 262 F. Supp. 2d 915, 920 (N.D. Ill. 2003) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). However, the Court "may, for good cause, authorize a

party to conduct discovery." R. 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). No good cause exists in this case. The pending motions are not Snodgrass's first § 2255 motions. *See e.g.*, *Snodgrass v. United States*, No. 3:12-cv-00050-JPG (S.D. Ill. Nov. 20, 2013); *Snodgrass v. United States*, No. No. 3:12-cv-00050-JPG (S.D. Ill. May 15, 2015). For the Court to consider successive petitions, the Seventh Circuit Court of Appeals must certify the successive petitions pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done so. As such, the Court does not have jurisdiction to entertain the pending § 2255 motions, and Snodgrass cannot demonstrate that he is entitled to relief. Therefore, the Court DENIES Defendant Steven Snodgrass's Motion to Compel (Doc. 157).

**IT IS SO ORDERED.**
**DATED**:   **November 20, 2025**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**