UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN SNODGRASS,<br><br>  Defendant. | Case No. 09-cr-30039-JPG |

### MEMORANDUM AND ORDER

This case is before the Court on Defendant Steven Snodgrass's Motion for Review of a Fundamental Question (Doc. 152), Motion to Challenge the Constitutionality of the Process (Doc. 154), Motion to Appoint Counsel (Doc. 158), and Motion for Modification of Supervised Release (Doc. 159). These motions are the newest of several challenges that Snodgrass has made to his incarceration. The Court has denied all his previous motions for lack of jurisdiction.

### I.   BACKGROUND

Snodgrass's motions are difficult to read, but the Court summarizes them as follows. His motion for review of a fundamental question asks the Court to review what he calls a "highly questionable ruling" made by the Seventh Circuit. He believes that the Court's review will allow him to challenge his conviction. He filed a supplement to the motion that alleges his conviction violates the Double Jeopardy Clause. His motion to challenge constitutionality of process seeks to challenge the revocation of his home confinement. His motion to appoint counsel and motion for modification of supervised release argue that his conviction is wrongful for numerous reasons, including ineffective assistance of counsel and malicious prosecution.

### II.   ANALYSIS

The Court does not have jurisdiction to consider Snodgrass's motions for two reasons.

First, they do not request any relief. Under Article III, Section 2 of the United States Constitution, the power of the federal judiciary is limited to cases or controversies. Since the founding, the Supreme Court has maintained the position that the federal judiciary does not have the authority to provide answers to legal questions that are not the subject of a case or controversy. *See e.g.*, Letter from John Jay, U.S. C.J., to George Washington, U.S. President, on the Separation of Powers (Aug. 8, 1793) (on file with the Nat'l Archives). A proper motion "shall state its grounds with particularity and shall set forth the relief sought." SDIL-LR 7.1(a). Since the merge of law and equity, courts have only been empowered to grant legal or equitable relief. Snodgrass's motions fail to present a case or controversy, and therefore, are outside the Court's Article III power.

Second, the motions are an attempt by Snodgrass to vacate his sentence, which makes them § 2255 motions. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). These are not Snodgrass's first § 2255 motions. *See e.g.*, *Snodgrass v. United States*, No. 3:12-cv-00050-JPG (S.D. Ill. Nov. 20, 2013); *Snodgrass v. United States*, No. No. 3:12-cv-00050-JPG (S.D. Ill. May 15, 2015). For the Court to consider successive petitions, the Seventh Circuit Court of Appeals must certify the successive petitions pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done so. As such, the Court does not have jurisdiction to entertain the pending § 2255 motions. Since the Court finds that it does not have jurisdiction over Snodgrass's motions, it DISMISSES Defendant Steven Snodgrass's Motion for Review of a Fundamental Question (Doc. 152), Motion to Challenge the Constitutionality of the Process (Doc. 154), Motion for to Appoint Counsel (Doc. 158), and

Motion for Modification of Supervised Release (Docs. 158, 159).

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to Snodgrass. A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that Snodgrass has not made such a showing. As such, it DECLINES to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED**:   **November 20, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
