UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Criminal No 09-cr-30039-JPG |
| STEVEN SNODGRASS, | |
| Defendant. | |
| STEVEN SNODGRASS, | |
| Petitioner, | |
| v. | Civil No. 12-cv-50-JPG |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant/petitioner Steven Snodgrass's motion invoking Federal Rule of Civil Procedure 8(e) and Federal Rule of Evidence 609(b) (Case No. 09-cr-30039, Doc. 163; Case No. 12-cv-50, Doc. 88). The Court entered judgment on November 20, 2013, denying the petitioner's original motion under 28 U.S.C. § 2255 (Case No. 12-cv-50, Doc. 23). In the pending motion, Snodgrass now seeks to vacate his criminal sentence because the Government fabricated evidence against him.

Snodgrass's motion is an unauthorized successive § 2255 petition. A post-judgment motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). Snodgrass's

pending motion asserts a new ground for relief from his criminal judgment and is therefore a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification. Therefore, the Court does not have jurisdiction to consider Snodgrass's motion. Accordingly, the Court **DISMISSES** the motion (Case No. 09-cr-30039, Doc. 163; Case No. 12-cv-50, Doc. 88) for **lack of jurisdiction**.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012). Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001)

(question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

Snodgrass has not made a showing that reasonable jurists could debate whether his motion is an unauthorized successive motion or whether any constitutional claims "lurk in the background" of any non-constitutional issues. Accordingly, the Court **DECLINES** to issue a certificate of appealability.

Because Snodgrass refers to potential civil rights violations in his motion, the Court **DIRECTS** the Clerk of Court to send him a Civil Complaint for Civil Rights Violation or Other Civil Claims by a Person in Custody form along with the instructions for completing the form.

**IT IS SO ORDERED.**
**DATED:   January 12, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
