UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    Case No. 09-cr-30039-JPG

STEVEN SNODGRASS,

Defendant.

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Steven Snodgrass's Motion for Reconsideration (Doc. 164). Snodgrass asks the Court to reconsider two Memorandum and Orders, entered November 20, 2025. (Docs. 161, 162).

I.    ANALYSIS

A.  Order Denying Motion to Compel (Doc. 161):

Snodgrass first asks the Court to reconsider its order that denied his motion to compel. The Court denied the motion because: (1) it cannot allow Snodgrass to conduct discovery to be used in a future § 2255 motion; and (2) Snodgrass had not demonstrated good cause to permit discovery in relation to his pending § 2255 motions. "A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). The decision of whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason. *See Pittman ex rel. Hamilton v. Madison Cnty.*,

108 F.4th 561, 572 (7th Cir. 2024), *cert. denied*, 145 S. Ct. 1154 (2025). Here, there is no compelling reason for the Court to reconsider its decision.

    B. <u>Order Dismissing Motion for Review of Fundamental Question, Motion to Challenge Constitutionality of Process, Motion to Appoint Counsel, and Motion for Modification of Supervised Release (Doc. 162):</u>

Snodgrass next asks the Court to reconsider its order that dismissed his motion for review of a fundamental question, motion to challenge constitutionality of process, motion to appoint counsel, and motion for modification of supervised release. The Court dismissed the motions for lack of jurisdiction because they failed to present a case or controversy and were unauthorized successive § 2255 motions. A motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Snodgrass's pending motion attacks the Court's conclusion that it lacked jurisdiction to consider his previous motions. Therefore, it is a successive petition under the rule of *Gonzalez*. For this Court to consider a successive petition, the Seventh Circuit must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done so. As such, the Court does not have jurisdiction to consider the pending motion.

## II.    <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Defendant Steven Snodgrass's Motion for Reconsideration (Doc. 164).

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of

appealability of this final order adverse to Snodgrass. A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that Snodgrass has not made such a showing. As such, it DECLINES to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED**:  **March 18, 2026**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

3